

# IN THE
# TENTH COURT OF APPEALS

————————

## No. 10-11-00327-CR

**JOSE LUIS VEGA, JR.,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

————————

**From the 249th District Court
Johnson County, Texas
Trial Court No. F44878**

————————

## MEMORANDUM OPINION

————————

Jose Luis Vega, Jr. was convicted of two counts of delivery of a controlled substance and one count of possession of a controlled substance. *See* Tex. Health & Safety Code Ann. §§ 481.112(d); 481.115(c) (West 2010). He was sentenced to 10 years, 25 years, and 5 years, respectively, in prison. We affirm.

In one issue, Vega contends that the jury charge was erroneous because it was missing an instruction on inducement by criminal informants, in other words,

entrapment by a confidential informant.[1]  Entrapment is a defensive issue.  TEX. PENAL CODE ANN. § 8.06 (West 2011).  Vega did not request this particular instruction and did not object to its omission in the charge; thus it is not preserved.  *See* TEX. CODE CRIM. PROC. ANN. art 36.14; *Posey v. State*, 966 S.W.2d 57, 61 (Tex. Crim. App. 1998) ("The 'plain' language of Article 36.14 makes clear that a defendant must object to the charge before he may be heard to complain on appeal about 'errors claimed to have been committed in the charge, as well as errors claimed to have been committed by omissions therefrom or in failing to charge upon issues arising from the facts.'").  The principles of *Almanza*[2] do not apply to omissions from the jury charge of defensive issues that have not been properly preserved by a defendant's request or objection. *Posey*, 966 S.W.2d at 60.  Because Vega's complaint has not been preserved, his sole issue is overruled.

The trial court's judgments are affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed August 30, 2012
Do not publish
[CRPM]

---

[1] An instruction on entrapment by a law enforcement officer was included in the charge.  He does not contend this instruction was erroneous.

[2] *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984).